UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL WHOOTEN,
   Petitioner,

v.

UNITED STATES OF AMERICA,
   Respondent.

05 11340 GAO

CIVIL NO.

MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255

    Petitioner, Paul Whooten, respectfully moves that this Court vacate his sentence, pursuant to 28 U.S.C. § 2255, and re-sentence him. As grounds for this motion, defendant states as follows:

    1. On August 2, 2000, petitioner, Paul Whooten, pleaded guilty to a five-count information charging two counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a), and three counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a).

    2. On December 20, 2000, Mr. Whooten was sentenced to 140 months of imprisonment. This sentence was determined using the guidelines calculation in the Presentence Report, which included a disputed four-level enhancement that was neither alleged in the superseding information nor admitted by Mr. Whooten when he entered his guilty plea.

    The enhancement was based on the Court's determination that "an individual was abducted to facilitate commission of the offense or to facilitate escape." See PSR, ¶ 57; U.S.S.G.

§ 2B3.1(b)(4)(A).

3. Undersigned counsel, who represented Mr. Whooten, objected on the ground that the application of this enhancement, which had been neither alleged in the indictment, nor proven to a jury beyond a reasonable doubt, was unlawful under <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000).

4. The district court found the enhancement applicable and overruled defendant's objection that <u>Apprendi</u> applied to the enhancement. Transcript of Sentencing Hearing, at 9. As a result of the court's conclusion, defendant's guideline sentencing range was 140-175 months; had the court rejected the abduction enhancement, it would have been 110-137 months. <u>See</u> PSR, Objection # 12 at 52. The Court sentenced Mr. Whooten to 140 months' imprisonment.

5. Mr. Whooten appealed to the Court of Appeals for the First Circuit, which affirmed the sentence on February 5, 2002. It held that, because the "defendant's sentence of 140 months does not exceed the statutory maximum . . . <u>Apprendi</u> is inapplicable." <u>United States v. Whooten</u>, 279 F.3d 58, 60 (1st Cir. 2002).

6. Mr. Whooten sought <u>certiorari</u> in the Supreme Court on the issue of whether <u>Apprendi</u> applied to the sentencing guidelines. His petition was denied on June 10, 2002.

7. A little more than two years later, on June 24, 2004, the Supreme Court decided <u>Blakely v. Washington</u>, 124 S.Ct. 2531

(2004) holding that for purposes of <u>Apprendi</u>, the maximum sentence is the sentence that could be imposed based solely on the facts found by a jury beyond a reasonable doubt or admitted by the defendant.  Any sentence that included an enhancement based on judge-found facts violated the Sixth Amendment.  Six months later, this ruling was applied to the U.S. Sentencing Guidelines in <u>Booker v. Washington</u>, 125 S.Ct. 738 (2005).  The <u>Booker</u> Court then revised the guidelines to make them advisory, rather than mandatory, obviating the Sixth Amendment violation.

    8.  Mr. Whooten currently is imprisoned at U.S.P. Lewisburg, serving the sentenced imposed by this Court.  His expected discharge date is October 10, 2009, according to the Bureau of Prisons.

    This is Mr. Whooten's first petition under 28 U.S.C. § 2255.

I.  MR. WHOOTEN'S SENTENCE VIOLATED THE SIXTH AMENDMENT.

    Mr. Whooten's sentence was enhanced based on facts that never were presented to a jury, nor admitted by him.  This issue was not waived.  At each step, Mr. Whooten argued the Sixth Amendment issue, without success.

    The remedy for this violation is to re-sentence Mr. Whooten.  Mr. Whooten submits that he should not be re-sentenced under "advisory" Guidelines, since no such system was in effect at the time the underlying crimes were committed.  Use of an "advisory" guideline system would violate the Ex Post Facto clause.

Instead, the Sixth Amendment violation should be remedied by re-sentencing him without the abduction enhancement.

In the alternative, the Court should consider all of the factors set forth in 18 U.S.C. § 3553(a), and impose a sentence below the otherwise applicable guideline range. In this case, those factors include Mr. Whooten's longtime drug addiction and his medical condition.

II. THE INSTANT PETITION IS NOT BARRED BY THE STATUTE OF LIMITATIONS.

Mr. Whooten's sentence became final more than one year ago, and therefore is not timely under § 2255(6) ¶ 1.

A. Mr. Whooten's Claim is timely under § 2255(6), ¶ 3.

Section 2255(6), ¶ 3, states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> . . .
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(6). See Dodd v. United States, ___ U.S. ___, No. 04-5286 (June 20, 2005) (holding that statute of limitations runs from date that the right was recognized by the Supreme Court.

Mr. Whooten submits that the right he now asserts was initially recognized by the Supreme Court in either Blakely or

-4-

Booker. His earlier efforts to vindicate those rights failed precisely because the right had not yet been recognized.

Undersigned counsel acknowledges that the First Circuit has held that Booker is not retroactively applicable to cases on collateral review. See United States v. Cirilo-Munoz, 404 F.3d 527 (1st Cir. 2005). Defendant submits that Cirilo-Munoz was wrongly decided. He therefore respectfully requests, by separate motion, that this Court hold the instant petition in abeyance until the Supreme Court decides the question of the retroactivity of Booker and Blakely.

B.  Mr. Whooten's Claim is Timely under § 2255(6), ¶ 2.

Section 2255(6), ¶ 2 provides that the statute of limitations shall run from

> the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action.

It appears that no court directly has ruled on the issue of whether unfavorable judicial precedent could constitute such an impediment. See United States v. Washington, 271 F.Supp.2d 278 (D.D.C. 2003) (holding that petitioner's Apprendi claim did not qualify under paragraph 2 where it was raised more than one year after Apprendi was decided). We submit that the circumstances of this case – where petitioner's Apprendi claim was raised and rejected on appeal – fall within paragraph 2. This is not a case where Mr. Whooten seeks to excuse his failure to raise the issue

on the ground that caselaw at the time was unfavorable. He did raise the claim. He lost. Filing a 2255 petition on the same ground very clearly would have been an exercise in futility. It was the decision in <u>Blakely</u> that removed the obstacles imposed by judicial rulings in Mr. Whooten's case.

    C.    Even if Mr. Whooten's Petition falls outside the One-Year Limitations Period, this Court should Equitably Toll the Time from the Denial of his Cert Petition to the Decision in <u>Blakely</u>.

In the unusual circumstances of this case, Petitioner submits that the Court should equitably toll the time from the denial of his <u>cert</u>. petition to the decision in <u>Blakely</u>. See <u>Neverson v. Farquharson</u>, 366 F.3d 32, 41 (1st Cir. 2004) (holding that equitable tolling is available in § 2254 petitions). To hold otherwise would be to dictate the filing of 2255 petitions on grounds that have already been addressed on direct appeal, without any intervening change in law and facts. The result inevitably would be the denial of such petitions, placing a petitioner later in the untenable position of filing a second and successive habeas petition when the previously unrecognized - but asserted - right is finally recognized.

CONCLUSION

For the reasons set forth above, Mr. Whooten contends that this Court should schedule a hearing so that he may be re-sentenced or, in the alternative, stay proceedings on his petition.

PAUL WHOOTEN
By his attorney,

Miriam Conrad
B.B.O. # 550223
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Miriam Conrad, hereby certify that a true copy of the above document was served by delivery upon Assistant United States Attorney James Lang and upon Deputy Chief U.S. Probation Officer Allyson Lorimer on June 23, 2005.

Miriam Conrad