UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL WHOOTEN,
  Petitioner,

v.

UNITED STATES OF AMERICA,
  Respondent.

05 11340 MAO PBS

MAGISTRATE JUDGE RBC

## MOTION TO STAY PROCEEDINGS

Petitioner, Paul Whooten, respectfully moves that this Court stay proceedings on his petition to vacate his sentence, pursuant to 28 U.S.C. § 2255, pending a final determination by the Supreme Court of the retroactivity of United States v. Booker, 125 S.Ct. 738 (2005). Cf. Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001) (holding that stay of § 2254 petition, pending exhaustion of state claims, "may be the only appropriate course [when] an outright dismissal threatens to imperil the timeliness of a collateral attack.")

As grounds for this motion, defendant states as follows:

1. Mr. Whooten's sentence became final more than one year ago, and therefore is not timely under § 2255(6) ¶1. His claim is timely, however, under ¶3 of that provision, which states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> . . .
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if

>    that right has been newly recognized by the
>    Supreme Court and made retroactively
>    applicable to cases on collateral review . . .

28 U.S.C. § 2255(6).  See Dodd v. United States, ___ U.S. ___, No. 04-5286 (June 20, 2005) (holding that statute of limitations runs from date that the right was recognized by the Supreme Court).

   2.   Mr. Whooten submits that the right he now asserts was initially recognized by the Supreme Court in either Blakely v. Washington, 124 S.Ct. 2531 (2004) or Booker.  His earlier efforts to vindicate those rights failed precisely because the right had not yet been recognized.

   3.   The First Circuit has held that Booker is not retroactively applicable to cases on collateral review.  See United States v. Cirilo-Munoz, 404 F.3d 527 (1st Cir. 2005).  Defendant submits that Cirilo-Munoz was wrongly decided.  The issue has not been decided by the Supreme Court.  Petitioner therefore respectfully requests that this Court hold the instant petition in abeyance until the Supreme Court decides the question of the retroactivity of Booker and Blakely.

   4.   Dodd contemplated the dilemma that Mr. Whooten now faces, acknowledging that its reading of the statute of limitations application to newly recognized rights may result in the statute running out before the cause of action has accrued.

In order to avoid the anomalous and unfair situation that <u>Dodd</u> recognizes, undersigned counsel respectfully requests that this Court stay proceedings on Mr. Whooten's 2255 petition, pending a definitive determination of the retroactivity of <u>Blakely</u> and <u>Booker</u>.

> PAUL WHOOTEN
> By his attorney,
>
> /s/ Miriam Conrad
>
> Miriam Conrad
>    B.B.O. # 550223
> Federal Defender Office
> 408 Atlantic Ave., 3rd Floor
> Boston, MA  02110
> Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Miriam Conrad, hereby certify that a true copy of the above document was served by delivery upon Assistant United States Attorney James Lang and upon Deputy Chief U.S. Probation Officer Allyson Lorimer on June 23, 2005.

/s/ Miriam Conrad

Miriam Conrad

-3-