```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
                                        )
PAUL WHOOTEN                            )
                                        )
         v.                             )   CIVIL NO. 05-11340-PBS
                                        )
UNITED STATES                           )
                                        )
```

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The United States of America, by United States Attorney Michael J. Sullivan and Assistant United States Attorney James Lang, submits this memorandum in opposition to the petitioner Paul Whooten's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("Def. Mot."). In so doing, the government accepts as accurate the statements contained in paragraphs 1-8 of the defendant's motion setting forth the procedural history of the case.

The defendant seeks to be resentenced based on the same perceived violation of the principle enunciated in <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000), that he unsuccessfully argued in his direct appeal. See <u>United States v. Whooten</u>, 279 F.3d 58 (1st Cir. 2002). In the aftermath of <u>Booker v. Washington</u>, 125 S.Ct. 738 (2005), he asserts that he properly preserved his <u>Apprendi</u> claim and is now entitled to be resentenced without application of the four-level enhancement that this Court awarded pursuant to U.S.S.G. § 2B3.1(b)(4)(A) (abduction to facilitate

commission of offense).[1]

Recognizing that, because he did not file his motion within a year of the date on which the judgment of conviction became final (June 10, 2002, the date on which the Supreme Court denied his petition for a writ of certiorari), it falls outside the primary 1-year limitations period set out in 28 U.S.C. § 2255 ¶ (6)(1), the defendant claims that it is nevertheless timely under § 2255 ¶ (6)(3). [Def. Mot. 4-5]. That provision states that an alternative 1-year limitations period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255 ¶ (6)(3). The defendant contends that his habeas claim is premised on a right first recognized by the Supreme Court in Booker and that his motion, which was filed within a year of the date of the Booker decision is therefore timely. Id. As for the express requirement of § 2255 ¶(6)(3)

---

[1] The defendant argues that resentencing him under advisory guidelines would violate the Ex Post Facto clause because no such system was in place at the time of the commission of his offenses. [Def. Mot. 3-4]. That is a curious position in light of the fact that on a number of occasions since Booker was decided the First Circuit has remanded cases for resentencing with the explicit directive that the sentencing courts were to treat the guidelines as advisory. Apparently, the First Circuit perceived no Ex Post Facto issue in so doing.

Alternatively, the defendant asks to be resentenced below the applicable advisory guidelines sentencing range based on the considerations set forth in 18 U.S.C. § 3553. [Def. Mot. 4].

that the right relied upon must have been made retroactively applicable to cases on collateral review, the defendant concedes not only that that has not happened, but that the First Circuit in <u>United States v. Cirilo-Munoz</u>, 404 F.3d 527 (1st Cir. 2005), has held that <u>Booker</u> does not have such retroactive application. [Def. Mot. 5].  As to that obvious infirmity of his claim, the defendant says only that <u>Cirilo-Munoz</u> was wrongly decided. <u>Id</u>.

Implicitly acknowledging that this Court is bound by First Circuit precedent, the defendant does not ask that it ignore <u>Cirilo-Munoz</u>.  Rather, he asks that the Court hold his motion "in abeyance" until the Supreme Court itself decides the <u>Booker</u> retroactivity issue.  [Def. Mot. 5].  The Court should refuse that request.

The Supreme Court in <u>Dodd v. United States</u>, 125 S.Ct. 2478, 2482 (2005), held that the 1-year limitations period in § 2255 ¶ (6)(3) begins to run from the date on which it first announces the right relied upon by the habeas petitioner, rather than from the date on which a court makes that right retroactive to cases on collateral review.[2]  In so doing, the Court recognized that its interpretation has "the potential for some harsh results in some cases," in that, if a newly announced rule by the Supreme

---

[2] As the dissent noted in <u>Dodd</u>, in reaching its result the majority relied upon the assumption by both parties, which was consistent with unanimous circuit court precedent on the point, that "the decision to make a new rule retroactive for purposes of [§ 2255 ¶ (6)(3)] can be made by any lower court."  125 S.Ct. at 2486 n.1 (Stevens, J., dissenting).

Court is not made retroactive by a court within a year of such announcement, the limitations period will expire before the cause of action accrues.  125 S.Ct. at 2483.  But the Court stated that it was not free to rewrite the unambiguous statute that Congress had enacted.  <u>Id</u>.  Accordingly, in the case before it, in which the petitioner had filed a habeas claim more than a year after the Supreme Court's announcement of a new right, but prior to the date on which the Eleventh Circuit declared the right to have retroactive application, the Court held that the claim was not timely and it affirmed the Eleventh Circuit's affirmance of the district court's dismissal of the claim.

In the instant case, the defendant did file his motion within a year of the date of <u>Booker</u>, but at the time he made his claim the retroactivity issue was not undecided, as it was in <u>Dodd</u>.  To the contrary, the First Circuit has held that <u>Booker</u> does not have retroactive application (as has every other circuit that has addressed the issue).  Accordingly, the defendant cannot satisfy the third criteria for relief set forth in § 2255 ¶ (6)(3).  It follows that his claim must be denied.[3]

---

[3] The defendant presses one additional argument on behalf of the claimed timeliness of his motion: that it falls within the 1-year limitations period set out in § 2255 ¶ (6)(2). [Def. Mot. 5-6].  The defendant asserts that unfavorable judicial precedent can constitute an "impediment to making a motion created by governmental action" within the meaning of ¶(6)(2). [Def. Mot. 5-6].  Although not entirely clear, apparently the defendant is contending that the pre-<u>Booker</u> case law interpreting <u>Apprendi</u> amounted to such an impediment and that it was not removed until the predecessor decision to <u>Booker</u>, <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), was decided.  Thus, he suggests, the 1-year limitations period for the filing of his § 2255 motion should begin to run from the date of <u>Blakely</u>.  The defendant concedes, however, that there is no legal support for his argument regarding the applicability of ¶ (6)(2) to the circumstances of this case.  And the fact remains that the right upon which his claim for sentencing relief is premised, whether deemed to have been announced in <u>Blakely</u> or <u>Booker</u>, is not retroactive.  Thus,

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                        By:   /s/ James Lang
                              James Lang
                              Assistant U.S. Attorney
```

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent to the registered participants as identified in the Notice of Electronic Filing (NEF) and copies will be sent to those indicated as non-registered participants.

```
                              /s/ James Lang
                              James Lang
                              Assistant U.S. Attorney
```

Date: January 19, 2006

---

this timeliness argument too is unavailing.